IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-76,938-03


 

EX PARTE JOHN NELSON LANDRUM, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 007-0743-08-C IN THE 7TH DISTRICT COURT
FROM SMITH COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to eighteen years’ imprisonment. The Twelfth Court of Appeals dismissed his
appeal. Landrum v. State, No. 12-09-00096-CR (Tex. App.—Tyler 2010, no pet.).
            Applicant contends, among other things, that counsel rendered ineffective assistance because
she advised Applicant that if he insisted on a trial, his punishment would be enhanced to the first
degree felony range. Tex. Pen. Code § 12.42(b). 
            On February 12, 2014, we remanded this application for a second response from counsel and
further findings of fact and conclusions of law from the trial court. On remand, the trial court
concluded, among other things, that counsel’s advice was not deficient and Applicant would not
have insisted on a trial but for her advice. 
            We do not agree. On remand, counsel filed a second affidavit and stated, “If it is now found
that Mr. Landrum did not have a final felony conviction, regrettably my advice was deficient.” 
Given this response and the fact that Applicant’s punishment could not have been enhanced, as the
trial court found, we believe counsel’s advice was deficient. 
            We also are not persuaded that Applicant would not have insisted on a trial but for counsel’s
advice. In her first affidavit, counsel said, “Mr. Landrum consistently indicated that he understood
the court had the entire second degree range available, but by pleading we would avoid the first
degree range.” Although this does not establish that Applicant would have insisted on a trial had he
known his punishment could not have been enhanced, it does suggest to us that he pleaded guilty
because he wanted to avoid a punishment range of 5 to 99 years or life. 
             Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall give Applicant the opportunity to respond and state whether he would have insisted on a trial
but for counsel’s deficient advice. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make further findings of fact and conclusions of law as to whether
Applicant would have insisted on a trial but for counsel’s deficient advice. Hill v. Lockhart, 474
U.S. 52 (1985). In making this determination, the trial court shall consider Applicant’s response,
if any, counsel’s affidavits, and the evidence of Applicant’s guilt. In its findings and conclusions,
the trial court shall also set out the evidence of Applicant’s guilt. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed:  April 30, 2014
Do not publish